# EXHIBIT 1

# EVENTS

Show
25 ∨
entries

Search:
[                    ]

| ▼ File Date | File Type | Filed By | Comment |
|---|---|---|---|
| 2/2/2023 | Proof of Service: Summons DLR (Civil) | JASON SWARTS, | Proof of Service of Summons/Complaint (Pro |
| 1/31/2023 | Civil Lawsuit Notice | | 1st CMC set for 6/1/23 at 2 |
| 1/31/2023 | Order: Deeming Case Complex | | Order Deeming Case Com Staying Discovery and Res Pleading Deadline - signed |
| 1/30/2023 | New Filed Case | | |
| 1/30/2023 | Complaint (Unlimited) (Fee Applies) | JASON SWARTS, | Class Action Complaint + C paid by Plaintiff |
| 1/30/2023 | Civil Case Cover Sheet | JASON SWARTS, | Civil Case Cover Sheet * C Class Action |
| 1/30/2023 | Summons: Issued/Filed | JASON SWARTS, | |

Showing 1 to 7 of 7 entries

Previous | 1 | Next

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN. 272295),
Chad A. Saunders (SBN 257810); Craig W. Straub (SBN 249032)
CROSNER LEGAL, PC, 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210
TELEPHONE NO.: (310) 496-5818   FAX NO. *(Optional):* (310) 510-6429
E-MAIL ADDRESS: zach@crosnerlegal.com   craig@crosnerlegal.com
ATTORNEY FOR *(Name):* Jason Swarts

**FOR COURT USE ONLY**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/30/2023 6:43 PM
Reviewed By: R. Walker
Case #23CV410599
Envelope: 11062469

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 161 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Old Courthouse

CASE NAME:
JASON SWARTS v. THE HOME DEPOT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 23CV410599 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 30, 2023

Zachary M. Crosner
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**   THE HOME DEPOT, INC.
*(AVISO AL DEMANDADO):*

E-FILED
1/30/2023 6:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV410599
Reviewed By: R. Walker
Envelope: 11062469

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JASON SWARTS, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court for the State of California<br>for the county of Santa Clara, Old Courthouse<br>161 North First Street, San Jose, CA 95113 | **23CV410599** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zachary Crosner CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (310) 496-5818

| DATE:<br>*(Fecha)* | 1/30/2023 6:43 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The Home Depot, Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

E-FILED
1/30/2023 6:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV410599
Reviewed By: R. Walker

CROSNER LEGAL, P.C.
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

*Attorneys for Plaintiff, and all other similarly situated*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA
## UNLIMITED JURISDICTION

| | |
|---|---|
| JASON SWARTS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC.,<br><br>Defendant. | Case No. **23CV410599**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **THE WIRETAP ACT, 18 U.S.C. § 2510 ET. SEQ.;**<br>(2) **CALIFORNIA PENAL CODE § 631;**<br>(3) **CALIFORNIA PENAL CODE § 632; AND**<br>(4) **CALIFORNIA PENAL CODE § 632.7**<br><br>**DEMAND FOR JURY TRIAL** |

1.      Plaintiff Jason Swarts ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of The Home Depot, Inc. ("Defendant"), its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record electronic conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, (the "Wiretap Act") and California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      Defendant privately records the conversations of everyone who communicates through the chat feature at https://www.homedepot.com/. Defendant reaps the benefits of secretly recording user's private conversations without obtaining prior consent. Secretly recording chat conversations has become an industry standard as companies use the data gleaned from such conversations to identify patterns among users' needs and use this information to create targeted marketing and increase sales at the expense of recording the private communications of unsuspecting users.[1]

3.      The Federal Legislature passed the Wiretap Act to protect the privacy of the people of the United States. The Wiretap Act is clear in its prohibition against intentional unauthorized taping or interception of any wire, oral, or electronic communication. In addition to other relevant sections, the Wire Tap Act states that any person who; "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" has violated the act. 18 U.S.C. §2511. The only intent required by the Wiretap Act is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break the law, or to invade the privacy right of any other person. Plaintiff alleges that Defendant continues to violate 18 U.S.C. § 2510, *et seq.*,

---

[1]  *See* https://www.shopify.com/blog/live-chat-customer-service (last visited on January 12, 2023).

CLASS ACTION COMPLAINT

by impermissibly recording its electronic conversations with United States residents via the chat feature on Defendant's website.

4.      California Penal Code § 631 prohibits anyone (1) that "by means of any machine, instrument, contrivance, or in any other manner" intentionally taps or makes any unauthorized connection with any "telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication," or (3) who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." The only intent required by the California Penal Code § 631 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break the law, or to invade the privacy right of any other person. Plaintiff alleges that Defendant continues to violate California Penal Code § 631 by impermissibly recording its electronic conversations with California residents via the chat feature on Defendant's website and upon information and belief allows, aids, and abets a third party to intercept and eavesdrop on the electronic conversations.

5.      California Penal Code § 632 prohibits one party to a communication from intentionally recording the conversation without the knowledge or consent of the other.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its electronic conversations with California residents.

6.      California Penal Code § 632.7 prohibits one party to a communication from intentionally recording the conversation without the knowledge or consent of the other while the

person being recorded is on a cellular telephone.  Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its electronic conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over Defendant.  Defendant The Home Depot, Inc. conducted business within the State of California, has purposely availed itself of the benefits and protections of the State of California, and/or has sufficient contact with this State such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice. Therefore, personal jurisdiction is present, and this Court has jurisdiction.

8.     Venue is proper in the Superior Court of the state of California for the County of Santa Clara because Defendant does business within this County and a substantial part of the events complained of herein occurred in this County.

## PARTIES

9.     Plaintiff Jason Swarts is, and at all times mentioned herein was, a citizen and resident of the State of California.

10.     Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Santa Clara, and within this judicial district.

11.     The above-named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant."

12.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other

4

Defendants.

## FACTUAL ALLEGATIONS

10.     On or around February 2022 through March 2022, Plaintiff Swarts, using his cellular phone, visited Defendant's website on occasions and had conversations with Defendant via the chat feature on Defendant's website at https://www.homedepot.com/[2].  The conversations included inquiries related to products purchased on Defendant's website.  At no time during these conversations did Defendant disclose to Plaintiff that it was recording the conversations.

11.     Defendant, however, did in fact record its conversations with Plaintiff.

12.     On information and belief, it is Defendant's practice to record all communications that occur on its website, use the recorded conversations, and allow, aid, and abet a third party to intercept and eavesdrop on the conversations.

13.     The contents of the conversations between Defendant and Plaintiff that were recorded by Defendant were confidential in nature.

14.     At no point did Plaintiff have a reasonable expectation that any of the conversations with Defendant were being recorded because at no time did Defendant inform Plaintiff that it was recording their conversations.  Had Plaintiff known that the conversations were being recorded by Defendant, Plaintiff would have conducted himself differently.

15.     It is Defendant's pattern and practice to record conversations via its website chat feature made available to Untied States and California residents.  Defendant does not inform, or warn, United States and California residents, including Plaintiff, that the conversations may be or will be recorded.  Plaintiff was unaware that the conversations made to Defendant in California were recorded.  There was no pre-conversation notice that the conversations were being recorded.

---

[2] On Defendant's home page at https://www.homedepot.com/(last visited on January 13, 2023), there is a Live Chat side bar/icon on the right-hand side of the screen. Upon clicking on it and/or when the chat box pops up without any prompting, the following message appears – "Hey! I'm Home Depot's Virtual Assistant. What can I help you with today?"  Six options for the user to click on are provided: "Return an item," "Orders & purchases," "Product availability," "Price match," "Cancel an order," and "Something else."

CLASS ACTION COMPLAINT

1

Defendant's representatives never informed Plaintiff that the conversations via the chat feature on Defendant's website were being recorded.

16.     Plaintiff did not learn that Defendant recorded the conversations until after the recording had already been made.

17.     Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the conversations between Plaintiff and members of the Classes and Defendant without their knowledge or consent.

18.     Defendant concealed from Plaintiff and members of the Classes that it was recording the conversations between itself on the one hand and Plaintiff or other members of the Classes on the other hand.

19.     Defendant concealed the fact that it was recording the afore-mentioned conversations to create the false impression in the minds of Plaintiff and members of the Classes that they were not being recorded.  At the outset of the conversations there was no warning that they were, or even may, be recorded.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action individually and on behalf of and all others similarly situated, as members of the proposed class (hereinafter "the Nationwide Class") defined as follows:

> All persons in the United States whose inbound and outbound conversations via the chat feature on Defendant's website were intercepted by Defendant or its agent/s within the applicable statute of limitations.

21.     Plaintiff brings this action individually and on behalf of all others similarly situated, as members of the proposed class (hereinafter "the California Class") defined as follows:

> All persons in California whose inbound and outbound conversations via the chat feature on Defendant's website were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

6

22.     Plaintiff also brings this action individually and on behalf of all others similarly situated as members of the proposed subclass (hereinafter "the California Cellphone Subclass") defined as follows:

> All persons in California whose inbound and outbound conversations via the chat feature on Defendant's website were made with their cellular telephones and were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

23.     The California Class and California Cellphone Subclass will herein be collectively referred to as "the California Classes."

24.     The Nationwide Class, the California Class, and the California Cellphone Subclass will hereinafter be collectively referred to as "the Classes."

25.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes members of the Classes number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26.     Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded inbound and outbound conversations via the chat feature on Defendant's website without their consent within the one year prior to the filing of the original Complaint in this action.  Plaintiff and members of the Classes were damaged thereby.

27.      This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand definition of the Classes to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28.      The joinder of members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Classes can be identified through Defendant's records or Defendant's agents' records.

29.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual member of the Classes, including the following:

a.  Whether Defendant has a policy of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

b.  Whether Defendant has a practice of recording incoming and/or outgoing conversations via the chat feature on Defendant's website;

c.  Whether Defendant discloses and/or obtains consent from members of the Classes that their incoming and/or outgoing conversations via the chat feature on Defendant's website were being recorded;

d.  Whether Defendant's policy or practice of intercepting the electronic communications of members of the Classes constitutes a violation of 18 U.S.C. §2520;

e.  Whether Defendant's policy or practice of recording incoming and/or outgoing conversations via the chat feature on Defendant's website to cellular telephones constituted a violation of California Penal Code §§ 631, 632(a), 632.7; and 637;

f.  Whether Plaintiff, and the Classes were damaged thereby, and the extent of damages for such violations; and

g.  Whether Defendant should be enjoined from engaging in such conduct in the future.

30.     As an individual whose conversations via the chat feature on Defendant's website with Defendant made from a cellphone were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Classes because every other member of the Classes, like Plaintiff, was exposed to virtually identical conduct and is entitled to the greater of statutory damages.

31.     Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

CLASS ACTION COMPLAINT

32.     Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual members of the Classes' claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

33.     Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

34.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California and federal law.  The interest of members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35.     Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE WIRETAP ACT, 18 U.S.C. § 2510, ET. SEQ.

### (BY PLAINTIFF AND MEMBERS OF THE NATIONWIDE CLASS AGAINST DEFENDANT)

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Wiretap Act, as amended by the Electronic Communications and Privacy Act of 1986, prohibits the intentional interception of any wire or electronic communication. Under 18 U.S.C. § 2520(a) there is a private right of action to any person whose wire, oral, or electronic communication is intercepted.

38.     Plaintiff and Nationwide Class Members are persons whose electronic communications were intercepted by Defendant.

CLASS ACTION COMPLAINT

39.     Defendant intercepted Plaintiff's and Nationwide Class members' electronic communications without consent when Plaintiff and Nationwide Class Members had conversations via the chat feature with Defendant or its Agent/s on its website.

40.     Plaintiff and Nationwide Class Members were unaware that Defendant or its Agent's was intercepting their electronic communications and tracking their communications and interactions. Defendant intentionally utilized technology as a means of intercepting and acquiring the contents of Plaintiff's and Nationwide Class Members' electronic communications, in violation of 18 U.S.C. § 2511.

41.     As such, Plaintiff and Nationwide Class members are entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 per day for each violation, actual damages, punitive damages, and reasonable attorneys' fees and costs under 18 U.S.C. § 2520.

## SECOND CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 631

### (BY PLAINTIFF AND MEMBERS OF THE CLASSES)

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 631 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

44.     California Penal Code § 631 prohibits anyone that (1) "by means of any machine, instrument, contrivance, or in any other manner" intentionally taps or makes any unauthorized

10

connection with any "telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) who "reads, or attempts to read, or to learn the contents" of a communication "without the consent of all parties to the communication," or (3) who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section."

45.      Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

46.      Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

47.      Plaintiff is informed and believes, and thereupon alleges, that it is Defendant's practice to record all communications that occur on its website via the chat feature, use the recorded conversations, and allow, aid, and abet a third party to intercept and eavesdrop on the conversations.

48.      By using software to track, record, and attempt to learn the contents of Plaintiff's and members of the Classes' electronic communications, Defendant intentionally tapped the lines, wires, and/or cables of internet communications of Plaintiff and members of the Classes, on the one hand, and Defendant on the other hand, as alleged herein.

49.      Defendant willfully and without consent, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and members of the California

Classes, while the electronic communications were in transit or passing over a wire, line and/or cable or were being sent from or received at a place in California.

50.     Said recording equipment was used to record the conversations of Plaintiff and the members of the Classes, all in violation of California Penal Code § 631.

51.     At no time during which these conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of the Classes that the recording of their conversations were taking place and at no time did Plaintiff or any other member of the California Classes consent to this activity.

52.     Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the Classes' right to privacy and a violation of California Penal Code § 630, *et seq*., did intrude on Plaintiff's and the members of the Classes' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the Classes, on the one hand, and Defendant on the other hand, as alleged herein.

53.     Based on the foregoing, Plaintiff and the members of the Classes are entitled to statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 631; and California Penal Code § 637.2.

54.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### THIRD CAUSE OF ACTION

#### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

#### (BY PLAINTIFF AND MEMBERS OF THE CLASSES)

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     Californians have a constitutional right to privacy.   Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 631.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

57.     California Penal Code § 632 prohibits one party to a conversation from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the conversation was recorded.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

58.     Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

59.     Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables.

60.     Said recording equipment was used to record the conversations of Plaintiff and the members of the Classes, all in violation of California Penal Code § 632.6(a).

61.     At no time during which these conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of the   Classes that the recording of their

13

conversations were taking place and at no time did Plaintiff or any other member of the Classes consent to this activity.

62.     Defendant, knowing that this conduct was unlawful and a violation of Plaintiff's and the members of the Classes' right to privacy and a violation of California Penal Code § 630, *et seq*., did intrude on Plaintiff's and the members of the Classes' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the conversations between Plaintiff and members of the Classes, on the one hand, and Defendant on the other hand, as alleged herein.

63.     Based on the foregoing, Plaintiff and the members of the Classes are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

64.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## FOURTH CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

### (BY PLAINTIFF AND MEMBERS OF THE CALIFORNIA CELLPHONE SUBCLASS ONLY)

65.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

66.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the

full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

67.     California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between two cellular radio telephones [or] a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

68.     Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone.  For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

69.     Defendant caused to be employed certain recording equipment on the communication lines, wires, and/or cables of all employees, officers, directors, and managers of Defendant.

70.     Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every inbound and outbound conversation over said lines, wires, and/or cables lines.

71.     Said recording equipment was used to record the conversations of Plaintiff and the members of the California Cellphone Subclass, utilizing cellular telephones, all in violation of California Penal Code § 632.7.

72.     Based on the foregoing, Plaintiff and the members of the California Cellphone Subclass are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

73.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the California Cellphone Subclass seek recovery of their attorney's

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

### **FIRST CAUSE OF ACTION FOR VIOLATION OF THE FEDERAL WIRETAP ACT, 18 U.S.C. § 2510, *et. seq.***

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Classes the following relief against Defendant:

74.     That this action be certified as a class action on behalf of the Nationwide Class and Plaintiff be appointed as the representative of the Nationwide Class;

75.     For the greater of statutory damages of $10,000 or $100 per day for each violation of 18 U.S.C. § 2510, *et seq.*, pursuant to 18 U.S.C. § 2520(b)(2) and 18 U.S.C. § 2520(c)(2)(B);

76.     Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Nationwide Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

77.     That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing conversations via the chat feature on Defendant's website with United States residents, including Plaintiff and the Nationwide Class, without their prior consent and to maintain the confidentiality of the information of Plaintiff and the Nationwide Class;

78.     For punitive damages, pursuant to 18 U.S.C. § 2520(b)(2);

79.     For attorney's fees and costs, pursuant to 18 U.S.C. § 2520(b)(3);

80.     For prejudgment interest at the legal rate; and

81.     For such further relief as this Court deems necessary, just, and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND AND THIRD CAUSES OF ACTION FOR INVASION OF PRIVACY:**

**VIOLATIONS OF PENAL CODE §§ 631 AND 632**

Wherefore, Plaintiff respectfully request the Court grant Plaintiff and members of the Classes the following relief against Defendant:

82.    That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes;

83.    For the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Classes;

84.    Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Classes full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

85.    That the Court preliminarily and permanently enjoin Defendant from recording each and every incoming and outgoing conversations via the chat feature on Defendant's website with California residents, including Plaintiff and the California Classes, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and the Classes;

86.    For exemplary or treble damages;

87.    For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5;

88.    For prejudgment interest at the legal rate; and

89.    For such further relief as this Court deems necessary, just, and proper.

**FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY:**

**VIOLATION OF PENAL CODE § 632.7**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and members of the Classes the following relief against Defendant:

90.    That this action be certified as a class action on behalf of the California Cellphone Subclass and Plaintiff be appointed as the representative of the California Cellphone Subclass;

CLASS ACTION COMPLAINT

91.     For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the California Cellphone Subclass;

92.     For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the California Cellphone Subclass;

93.     Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording conversations  via the chat feature on Defendant's website, without first informing and receiving consent from the other party to the conversation;

94.     That the Court preliminarily and permanently enjoin Defendant from recording each and every incoming and outgoing conversation via the chat feature on Defendant's website with California residents, including Plaintiff and the California Cellphone Subclass, without their prior consent, as required by California Penal Code § 630, *et seq*., and to maintain the confidentiality of the information of Plaintiff and the California Cellphone Subclass;

95.     For general damages according to proof;

96.     For costs of suit;

97.     For prejudgment interest at the legal rate;

98.     For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

99.     For such further relief as this Court deems necessary, just, and proper.

### Trial By Jury

100.    Plaintiff hereby requests a trial by jury on all issues so triable.


Dated: January 30, 2023                              **CROSNER LEGAL, P.C.**


                                        BY: _____

                                            Michael R. Crosner
                                            Zachary M. Crosner
                                            Chad A. Saunders
                                            Craig Straub
                                            ATTORNEYS FOR PLAINTIFF

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: 23CV410599

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   *You or your attorney must appear at the CMC.*  *You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: Hon. Sunil R. Kulkarni          Department: 1

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
          Date: 06/01/23     Time: 2:30pm     in Department: 1

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
          Date: _____     Time: _____     in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

**Reset Form**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

TO:    FILE COPY

RE:
CASE NUMBER:    **Swarts v. The Home Depot, Inc. (Class Action)**
**23CV410599**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/31/2023 3:37 PM
Reviewed By: R. Walker
Case #23CV410599
Envelope: 11072702

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Complaint was filed by Plaintiff **Jason Swarts** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **January 30, 2023** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department **1** (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni**  presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Jason Swarts**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **June 1, 2023 at 2:30 p.m. in Department 1**.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

-----
Updated on January 17, 2023.

1

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;
2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;
3. significant procedural and practical problems that may likely be encountered;
4. suggestions for efficient management, including a proposed timeline of key events; and
5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: January 31, 2023

Hon. **Sunil R. Kulkarni**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

-----
Updated on January 17, 2023.

2

23CV410599
Santa Clara - Civil

R. Fleming

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Michael R. Crosner (SBN 41299)<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Blvd Suite 301<br>Beverly Hills, CA 90210<br>  *Telephone No:* 310-496-4818 | | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 2/2/2023 11:00 AM<br>Reviewed By: R. Fleming<br>Case #23CV410599<br>Envelope: 11091899** |
|   *Attorney For:*  Plaintiff | *Ref. No. or File No.:*<br>00781-Swarts | |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA UNLIMITED JURISDICTION

*Plaintiff:*  JASON SWARTS, individually and on behalf of all others similarly situated
*Defendant:*  THE HOME DEPOT, INC.

| PROOF OF SERVICE<br>SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>23CV410599 |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Civil Lawsuit Notice

3.  *a.  Party served:*    THE HOME DEPOT, INC.
    *b.  Person served:*   Lynanne Gares, Litigation Management, Corporation Service Company, Registered Agent

4.  *Address where the party was served:*   251 Little Falls Dr, Wilmington, DE 19808

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
    service of process for the party (1) on *(date):* Wed, Feb 01 2023 (2) at *(time):* 01:50 PM

    (1)   [ X ]   (business)
    (2)   [   ]   (home)
    (3)   [   ]   (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.   [   ]   as an individual defendant.
    b.   [   ]   as the person sued under the fictitious name of *(specify):*
    c.   [   ]   as occupant.
    d.   [ X ]   On behalf of *(specify):*   THE HOME DEPOT, INC.
          under the following Code of Civil Procedure section:

    | | |
    |---|---|
    | [ X ]  416.10 (corporation) | [   ]  415.95 (business organization, form unknown) |
    | [   ]  416.20 (defunct corporation) | [   ]  416.60 (minor) |
    | [   ]  416.30 (joint stock company/association) | [   ]  416.70 (ward or conservatee) |
    | [   ]  416.40 (association or partnership) | [   ]  416.90 (authorized person) |
    | [   ]  416.50 (public entity) | [   ]  415.46 (occupant) |
    | [   ]  other: | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*8316060*
*(5216851)*
Page 1 of 2

| *Attorney or Party without Attorney:*<br>Michael R. Crosner (SBN 41299)<br>CROSNER LEGAL, P.C.<br>9440 Santa Monica Blvd Suite 301<br>Beverly Hills, CA 90210<br>  *Telephone No:*   310-496-4818 | | *For Court Use Only* |
|---|---|---|
| *Attorney For:*   Plaintiff | *Ref. No. or File No.:*<br>00781-Swarts | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SANTA CLARA UNLIMITED JURISDICTION | | |
| *Plaintiff:*   JASON SWARTS, individually and on behalf of all others similarly situated<br>*Defendant:*   THE HOME DEPOT, INC. | | |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>23CV410599 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:                    Michael Powers
   b.  Address:                **FIRST LEGAL**
                                 1517 W. Beverly Blvd.
                                 LOS ANGELES, CA 90026
   c.  Telephone number:        (213) 250-1111
   d.  **The fee for service was:**   $249.25
   e.  I am:
      (1)  [X]   not a registered California process server.
      (2)  [ ]   exempt from registration under Business and Professions Code section 22350(b).
      (3)  [ ]   a registered California process server:
          (i)   [ ] owner  [ ] employee  [ ] independent contractor
          (ii)  Registration No:
          (iii) County:

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

_____
02/02/2023
*(Date)*

*Michael Powers*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF**
**SERVICE**
**SUMMONS**

*8316060*
*(5216851)*
Page 2 of 2